IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MELISSA ANN TUCKER, | § § § | |
| Plaintiff, | § | |
| v. | § § | 1:16-CV-39-RP |
| NANCY A. BERRYHILL, *Acting Commissioner of the Social Security Administration*, | § § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Plaintiff Plaintiff Melissa Ann Tucker's ("Tucker") EAJA Fee Application, (Dkt. 43), along with a response filed by Defendant Nancy A. Berryhill, the Acting Commissioner of the Social Security Administration (the Commissioner), (Dkt. 45). Having considered the parties' arguments, the record, and the relevant law, the Court will grant Tucker's motion.

## I. BACKGROUND

This action is an appeal under 42 U.S.C. § 405(g) of the Commissioner's final decision denying Tucker's claims for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423(d), 1382c. (Pl.'s Br., Dkt. 35, at 1). Tucker's application for benefits was denied twice administratively, and a third time in a de novo hearing before an administrative law judge ("ALJ") in January 2013. (*Id.*). She appealed to the Appeals Council, which vacated the prior decision and remanded the case to an ALJ in February 2014. (*Id.*). In August 2014, another ALJ held a hearing in which Tucker appeared alongside several witnesses. (*Id.*). The ALJ found that Tucker was not disabled. (*Id.*). After the ALJ's decision, Tucker obtained an MRI showing abnormalities in her lower spine, along with other new medical evidence. (*See* Order, Dkt. 30, at 1; R. & R., Dkt. 41, at 7). Tucker included the newly obtained evidence in her

1

appeal to the Appeals Council. (*See* Order, Dkt. 30 at 2). The Appeals Council denied review in November 2015; it did not consider her new evidence. (*Id.*). She then appealed to this Court, asking the Court to find that the Appeals Council erred by not considering her new evidence. (*See id.* at 2). Tucker also asked the Court to consider whether the ALJ's finding that Tucker could perform past relevant work was supported by substantial evidence. (*Id.* at 20–22).

Before the briefing in this case began, Tucker moved to compel the Commissioner to include the new evidence not considered by the Appeals Council in the record. (Mot. Compel, Dkt. 21). The Commissioner opposed the motion. (Dkt. 24). This Court agreed with Tucker and ordered the Commissioner to supplement the record with the evidence at issue. (Order, Dkt. 30, at 8). The Commissioner complied. (Dkts. 31, 32). Once the complete record was before the Court, the parties submitted merits briefing. (Dkts. 35, 37, 40). The Magistrate Judge recommended that the Court find in Tucker's favor by vacating the Commissioner's decision and remanding the case for further administrative proceedings. (R. & R., Dkt. 41, at 11–12). The Court adopted the report and recommendation as its own order, vacated the Commissioner's decision, and remanded the case. (Order, Dkt. 42). Tucker then moved for attorney's fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Dkt. 43). The Commissioner objected to Tucker's fee request, (Dkt. 45), and Tucker replied to the Commissioner's objections, (Dkt. 48).

## II. LEGAL STANDARDS

Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party is therefore entitled to fees if "(1) the claimant is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award unjust." *Sims v. Apfel*, 238 F.3d 597, 599–601 (5th Cir. 2001) (quoting *Commissioner v. Jean*, 496 U.S. 154, 158 (1990)). The

2

United States—here, the Commissioner—has the burden to show that an appellant is not entitled to fees under the EAJA. *Martin v. Heckler*, 754 F.2d 1262, 1264 (5th Cir. 1985).

Separate from the question of an appellant's entitlement to fees under the EAJA is the reasonableness of the appellant's fee request. The EAJA requires that attorney fees be "reasonable." 28 U.S.C. § 2412(b). The party seeking the fee award has the burden to demonstrate reasonableness. *Sanders v. Barnhart*, 04-10600, 2005 WL 2285403, at *1 (5th Cir. Sept. 19, 2005) (citing V*on Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990)). To determine reasonableness, a court should use the analysis laid out in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). *Jean*, 496 U.S. at 161. The factors set out in *Johnson v. Ga. Highway Express*, 488 F.2d 714 (5th Cir. 1974),[1] are also relevant to calculating a fee award under the EAJA. *Armstrong v. Astrue*, 305 F. App'x 244, 245 n.1 (5th Cir. 2008).

Under this test, a court must first "calculate the lodestar," and then decide whether to "enhance or decrease it based on the twelve *Johnson* factors." *Combs v. City of Huntington*, 829 F.3d 388, 391-92 (5th Cir. 2016). Among those factors, "the most critical factor" is the "degree of success obtained." *Id.* (citing *Hensley*, 461 U.S. at 436). The lodestar, which "is presumed reasonable," "is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Combs*, 829 F.3d at 392. "In calculating the lodestar, the court should exclude all time that is excessive, duplicative, or inadequately documented." *Id.* (internal quotation marks and alternations omitted).

---

[1] The twelve *Johnson* factors are: (1) "[t]he time and labor required;" (2) "[t]he novelty and difficulty of questions;" (3) "[t]he skill requisite to perform the legal service properly;" (4) "[t]he preclusion of other employment by the attorney due to acceptance of the case;" (5) "[t]he customary fee;" (6) "[w]hether the fee is fixed or contingent;" (7) "[t]ime limitations imposed by the client or the circumstances;" (8) "[t]he amount involved and the results obtained;" (9) "[t]he experience, reputation, and ability of the attorneys;" (10) "[t]he undesirability of the case;" (11) "[t]he nature and length of the professional relationship with the client;" and (12) "[a]wards in similar cases." *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).

3

## III. DISCUSSION

Tucker seeks $18,371.95 in attorney's fees for 87.3 hours of work encompassing litigation over the administrative record, the merits, and the instant fees motion. (Reply Mot. Att'y Fees, Dkt. 48, at 7, 10). The Commissioner does not dispute that Tucker is entitled to a fee award. (Resp. Mot. Att'y Fees, Dkt. 45, at 1). Instead, the Commissioner argues only that Tucker's fee request is excessive, and that a reasonable number of hours in this case would have been 64 hours, resulting in an award of $12,288.21. (*Id.* at 2). The Court agrees with Tucker that her requested fees are reasonable.

Tucker's requested fee award represents the lodestar, which is presumed reasonable. *Combs*, 829 F.3d at 392. The Commissioner agrees that Tucker's requested hourly rates are reasonable. (*See* Resp. Mot. Att'y Fees, Dkt. 45, at 2). The Commissioner objects only to the number of hours claimed. (*See id.* at 1–2).

The most important factor in the reasonableness of the fee award is the "results obtained." *Hensley*, 461 U.S. at 434. Tucker achieved good results at each stage in this litigation. First, she succeeded in compelling the Commissioner to supplement the record with the evidence not considered by the Appeals Council. (*See* Order, Dkt. 30). She obtained this result over the objections of the Commissioner and upon a successful objection to the Magistrate Judge's order denying her motion. (*See* Resp. Mot. Compel, Dkt. 24; Order, Dkt. 26; Pl.'s Objs., Dkt. 27). That briefing accounts for 29.3 hours of Tucker's fee request. (Mot. Att'y Fees, Dkt. 43, at 4).

The Commissioner argues that a subset of those 29.3 hours is excessive. First, the Commissioner argues that a 5.3-hour entry for time spent researching medical authorities is excessive in light of Plaintiff's counsel's experience. (Resp. Mot. Att'y Fees, Dkt. 45, at 4–5). The Commissioner's argument selectively omits much of the complete entry, which also accounts for legal research on one of the merits issues and incorporating both that legal research and the medical

4

research into the related portion of Tucker's merits brief. (Time Entries, Dkt. 43-2, at 4–5). The Court agrees with Tucker that this entry is reasonable based on the time and labor required for the task.

Second, the Commissioner argues that a two-hour entry for preparing Tucker's affidavit is excessive because her appeal involved questions of law for which no factual evidence was required. (Resp. Mot. Att'y Fees, Dkt. 45, at 4 n.1). The Commissioner's argument is belied by the outcome of this case; the Magistrate Judge looked to Tucker's affidavit in recommending that the Court remand this action. (R. & R., Dkt. 41, at 9). The Court agrees with Tucker that this entry is reasonable based on the time and labor required and the results obtained.

Tucker also succeeded on the merits of her appeal. (*See* Order, Dkt. 42). In doing so, Tucker prevailed under a demanding standard of review. (*See* R. & R., Dkt. 41, at 3-4). Merits briefing accounts for 52.6 hours of Tucker's fee request. (Mot. Att'y Fees, Dkt. 43, at 4).

The Commissioner argues that the merits issues were unremarkable and that no more than 40 hours is reasonable. (Resp. Mot. Att'y Fees, Dkt. 45, at 5 (citing *Garza v. Astrue*, Civ. A. No. SA-08-CV-789-XR, 2010 WL 2278348, at *2 & n.9 (W.D. Tex. June 4, 2010), for the statement that appellants in similar cases typically request awards based on 30 to 40 hours of work)). In response, Tucker cites a number of similar cases in which courts approved awards for 50 to 60 hours of work on a merits brief. (Reply Mot. Att'y Fees, Dkt. 48, at 8).

The Court finds that Tucker has met her burden to show that her requested fee award is reasonable. As discussed above, Plaintiff's counsel obtained the result desired by his client. The appeal presented legal issues that the Commissioner acknowledges to be complicated. (Resp. Mot. Att'y Fees, Dkt. 45, at 4). Plaintiff's counsel has nearly 20 years of experience handling Social Security appeals. (*Id.* at 5). Tucker has shown that the hours spent on the merits of this case are not uncommon for similar cases. (Mot. Att'y Fees, Dkt. 43, at 5; Reply Mot. Att'y Fees, Dkt. 48, at 8).

The remaining hours—spent litigating a novel evidentiary issue and responding to the Commissioner's objections to the fee request—are justified by the nature of the issues. (Mot. Att'y Fees, Dkt. 43, at 5; Reply Mot. Att'y Fees, Dkt. 48, at 9–10). The lodestar is a reasonable amount and no reduction is warranted. Tucker is entitled to attorney's fees in the amount of $18,371.95.

## IV. CONCLUSION

For the reasons given above, Tucker's EAJA Fee Application, (Dkt. 43), is **GRANTED**. Tucker is entitled to an award of reasonable attorney's fees in the amount of $18,371.95. The Commissioner shall pay Tucker $18,371.95 by mailing a check in that amount to her counsel, William L. Fouché, Jr.

**SIGNED** on December 17, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE